UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN F. SUNDO,              :     CIVIL NO. **4:06-CV-2444**
                              :
          Plaintiff           :     (Judge McClure)
                              :
     v.                       :     (Magistrate Judge Smyser)
                              :
CHRISTOPHER H. CONNORS, et al  :
                              :
          Defendants          :

## <u>REPORT AND RECOMMENDATION</u>

On December 21, 2006, the plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint.  The plaintiff also filed an application to proceed *in forma pauperis.*

By a separate Order filed this date, we granted the plaintiff's application to proceed *in forma pauperis.*  In this Report and Recommendation, we review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening.**- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the

complaint, if the complaint-
     (1) is frivolous, malicious, or fails to
state a claim upon which relief may be granted;
or
     (2) seeks monetary relief from a defendant
who is immune from such relief.

We conclude the that complaint fails to state a claim upon which relief may be granted.

The complaint names the following individuals as defendants: 1) Christopher H. Connors; 2) Stephen A. Zappala, Jr.; 3) Jeffrey A. Manning; 4) and Joseph Paletta.  Defendants Connors and Zappala are identified in the complaint as district attorneys.  Defendant Manning is identified as a judge and defendant Paletta is identified as a public defender.

The entire "Statement of Claim" section of the complaint reads:

Do to Mentally Ill should be in mental institute finding in profe of legal paperwork

No interpetter for hearing impaired at any court hearings.

Did an illegal mental eval with prejudice in the county jail when it should be outside the jail.

In the "Relief" section of the complaint, the plaintiff

2

indicates that he is seeking relief from his sentence, that he is seeking reimbursement for his time in jail, that he is seeking to have the defendants' jobs taken from them and that he his seeking to have all cases done by the defendants retried.

Although the nature of the plaintiff's complaint is not entirely clear, it appears that the plaintiff may be seeking in part to have his criminal conviction reversed.

In *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), the Court held that when a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  To the extent that the plaintiff is seeking release from custody he must pursue that claim in a habeas corpus case not in a 42 U.S.C. § 1983 case such as the instant case.

To the extent that the plaintiff is seeking monetary damages, it appears that his claims for damages are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck,* the Court held

3

that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such [a] determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 486-87(footnote omitted). Even if a plaintiff has exhausted available state remedies the plaintiff has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the granting of a writ of habeas corpus. *Id*.

The plaintiff appears to be challenging his conviction and he has not alleged that his conviction or sentence has been reversed, expunged, invalidated, or impugned by the granting of a writ of habeas corpus.  Accordingly, the plaintiff's damages claims are not cognizable in this 42 U.S.C. § 1983 action.

Moreover, defendants Manning, Connors and Zappala are entitled to immunity from the plaintiff's damages claims relating to his criminal conviction.  Defendant Manning is

4

entitled to judicial immunity from suit under section 1983 for
monetary damages arising from his judicial acts. *See Gallas v.
Supreme Court of Pennsylvania*, 211 F.3d 760, 768 (3d. 2000).
Defendants Connors and Zappala are entitled to immunity for
their actions taken as prosecutors which are intimately
associated with the judicial phase of the criminal process.
*Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).


    A public defender does not act under color of state law
when performing a lawyer's traditional functions as counsel to
a defendant in a criminal proceeding. *Polk County v. Dodson*,
454 U.S. 312, 325 (1981).  Accordingly, the complaint fails to
state a 42 U.S.C. § 1983 claim upon which relief may be granted
against defendant Paletta.


        Before dismissing a complaint for failure to state
a claim upon which relief may be granted pursuant to the
screening provisions of 28 U.S.C. § 1915A, the court must grant
the plaintiff leave to amend his complaint unless amendment
would be inequitable or futile. *See Grayson v. Mayview State
Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002).  In the instant
case, given the relief the plaintiff seeks, the immunity of
defendants Manning, Connors and Zappala and the lack of state

action on the part of defendant Paletta amendment would be futile.

We note that the plaintiff is incarcerated at SCI-Graterford, which is in the Eastern District of Pennsylvania. We also note that the plaintiff identifies defendant Manning as a judge in Allegheny County.  Allegheny County is in the Western District of Pennsylvania.  It is doubtful that venue is appropriate in this court or that this court has personal jurisdiction over the defendants.  However, since improper venue and lack of personal jurisdiction are waivable defenses, we do not recommend that the case be dismissed on those bases. Further, since the complaint fails to state a claim upon which relief may be granted, we do not recommend that the complaint be transferred to another district.

Based on the foregoing, it is recommended that the plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915A and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: December 27, 2006.

6