IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN F. SUNDO, | : | |
| | : | Civil Action No. 4:CV-06-2444 |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| CHRISTOPHER CONNORS, et al., | : | |
| | : | (Magistrate Judge Smyser) |
| Defendants. | : | |

**O R D E R**

January 17, 2007

On December 21, 2006, plaintiff Stephen F. Sundo, an inmate at the SCI-Graterford, Graterford, Pennsylvania, filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. Contemporaneously with the filing of his complaint, Sundo filed an application to proceed in forma pauperis.

In his complaint, Sundo names the following individuals as defendants: 1) Christopher H. Connors; 2) Stephen A. Zappala Jr.; 3) Jeffrey A. Manning; and 4) Joseph Paletta. The complaint identifies Connors and Zappala Jr. as prosecutors, Manning as an Allegheny County Judge, and Paletta as a public defender. Although largely incoherent, it appears that the complaint is challenging plaintiff's state conviction.

The matter was initially referred to United States Magistrate Judge Andrew Smyser.  On December 27, 2006, after an initial screening of the complaint, the magistrate judge determined that the complaint failed to state a claim upon which relief can be granted.

First, the magistrate judge determined that when a prisoner is challenging the fact or duration of physical confinement, the sole legal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Furthermore, to the extent that plaintiff seeks monetary damages, the claim is barred by the Supreme Court's holding in Heck v. Humphrey because the plaintiff has not proved that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.  512 U.S. 477, 486-87 (1994).

Additionally, the magistrate judge determined that the claims against Connors and Zappala, Jr. are barred because they are entitled to immunity from suit under § 1983 while performing a prosecutorial function. Imbler v. Pachtman, 424 U.S. 409, 430 (1976).  Similarly, the claim against Manning is barred because he is entitled to immunity while performing a judicial function.  Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 768 (3d Cir. 2000).  Finally, public defenders

do not act under color of state law for purposes of § 1983.  Polk County v. Dodson, 454 U.S. 312, 325 (1981).

Finally, after concluding that the complaint failed to state a claim upon which relief can be granted, the magistrate judge further concluded that leave to file an amended complaint would be futile due to the immunity of Manning, Connors, and Zappala and the lack of state action by Paletta.

No objections have been filed to the report and recommendation.  We agree with the magistrate judge's thorough report and recommendation that plaintiff's complaint fails to state a claim upon which relief can be granted for each of the reasons set forth by the magistrate judge.  Furthermore, we also agree that leave to amend the complaint would be futile.  Therefore, we will adopt the magistrate judge's report and recommendation in full and dismiss the action without prejudice.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. United States Magistrate Andrew Smyser's Report and Recommendation is adopted in full.  (Rec. Doc. No. 6).

2. The complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A..

3. The clerk is directed to close the case file.

4. Any appeal from this order is not taken in good faith.


                                                        s/ James F. McClure, Jr.
                                                     James F. McClure, Jr.
                                                     United States District Judge